■ In the Matter of RENEE HERBERT-GLOVER, Appellant, v BOARD OF EDUCATION OF WANTAGH UNION FREE SCHOOL DISTRICT et al., Respondents. [623 NYS2d 322] —In a proceeding pursuant to CPLR article 78 to restore the petitioner to a position in the tenure area of "Speech and Hearing Handicapped" in the employ of the respondent Wantagh Union Free

School District, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), entered October 20, 1992, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The area in which a teacher achieves tenure status is the area in which his or her probationary appointment was made *(Matter of Moore v Board of Educ.,* 116 AD2d 273). In determining the tenure area in which a position falls, it is the "intent and policy of the school district" that controls *(Matter of Schlosser v Board of Educ.,* 62 AD2d 207, 215, *affd* 47 NY2d 811). Here, the petitioner was originally hired by the respondent Board of Education (hereinafter the Board) for a probationary period of three years as a teacher for the "hearing impaired". She acquired tenure, but her employment was subsequently terminated when the full-time position of "Handicapped/Deaf & Hearing Impaired" teacher was abolished.

"Hearing impaired" is not a recognized tenure area under part 30 of the Rules of the Board of Regents. It is clear, however, that the intent of the Board was to place the petitioner in the special subject tenure area of "education of children with handicapping conditions—education of deaf children" (8 NYCRR 30.8 [a] [5]) rather than in the "education of speech and hearing handicapped children" area (8 NYCRR 30.8 [a] [6]), which are both recognized tenure areas. In the school district, the petitioner's duties more closely corresponded to those encompassed by a teacher of deaf children rather than a speech teacher. She had been consistently placed on a seniority list separate from that of the speech teachers. Thus, there is no indication that the Board manipulated tenure areas to deprive the petitioner of her seniority.

That the petitioner's original provisional and permanent certification were erroneously given in the area of "Speech and Hearing Handicapped" is not controlling, for it is the actual nature of the abolished position that must be considered *(see, Bales v North Rose-Wolcott,* 32 Ed Dept Rep 559, 564). Consequently, the Board did not act improperly when it abolished the full-time position in the "deaf" tenure area and terminated the petitioner's employment. Rosenblatt, J. P., Lawrence, Altman and Hart, JJ., concur.